**In the Matter of Rodney E. & Hazel WILHOIT, Debtors.**

**J. Maurice & Jacqueline LANGELIER, Plaintiffs,**

**v.**

**Rodney E. & Hazel WILHOIT, Defendants.**

**and**

**Rodney E. & Hazel WILHOIT, Plaintiffs,**

**v.**

**J. Maurice LANGELIER, Defendant.**

**Bankruptcy No. 82–2506.**
**Adv. Nos. 83–283, 83–214.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 27, 1983.

Francis H. Cobb, Sharyn B. Zuch, Shackleford, Farrior, Stallings & Evans, P.A., Tampa, Fla., for plaintiffs.

Jawdet I. Rubaii, Clearwater, Fla., for defendants.

FINDINGS OF FACT, CONCLUSIONS OF LAW, MEMORANDUM OPINION ON COMPLAINT FOR RELIEF FROM AUTOMATIC STAY and on COMPLAINT TO SELL FREE AND CLEAR OF LIENS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 reorganization case and the matters presently under consideration involve two interrelated adversary proceedings which came on for final evidentiary hearing pursuant to a Complaint for Relief from Automatic Stay filed by J. Maurice and Jacqueline Langelier (Langeliers), the Plaintiffs in adversary proceeding no. 83–283, and pursuant to a Complaint to Sell Free and Clear of Liens filed by Rodney and Hazel Wilhoit (Wilhoits), the Plaintiffs in adversary proceeding no. 83–214 and the Debtors in the above-styled Chapter 11 case. Inasmuch as these two adversary proceedings involve the same parties and the same factual issues, the proceedings were consolidated for final evidentiary hearing. The hearing on the Motion to Prohibit the Destructive Use of Collateral filed by the Langeliers in the general case was consolidated with the final evidentiary hearings in these adversary proceedings and the findings made in the order on that Motion are incorporated by reference in this Memorandum Opinion.

The matters relevant to the disposition of the two adversary proceedings presently under consideration are as follows:

On January 9, 1981, the Wilhoits purchased approximately 122 acres of land from J. Maurice Langelier who acted as trustee for himself, his wife and Jacqueline A. Corbeil. The purchase price was $600,-000 including a $50,000 down payment. The balance of $550,000 is represented by a

note and a mortgage deed and security agreement (Plaintiffs' Exh. # 7, adversary proceeding no. 83–283) encumbering the subject property, interest accrues at the rate of 10% per annum.

It is undisputed that the Debtors were several months in arrears at the time they filed their petition for relief under Chapter 11 of the Bankruptcy Code in November, 1982, however, they have made all monthly payments except for the June, 1983 payment since that time.

The Langeliers seek relief from the automatic stay in order to foreclose the mortgage which is now approximately $20,000 in arrears as of June 1, 1983. They contend they are entitled to the relief sought, because they lack adequate protection of their interest in the subject property, or alternatively, because the Debtors lack equity in the property and the property is not necessary for an effective reorganization.

■ The current outstanding balance on the mortgage is $573,072.05. While there was conflicting testimony as to the value of the subject property, the Court is satisfied that the property is worth approximately $800,000 to $900,000 and the value of the subject property, therefore, exceeds the debt owed to the Langeliers. Therefore, the Langeliers are adequately protected.

■ Approximately $150,000 of the appraised value is attributable to potential income from the sale of 200,000 square yards of clean fill remaining in the burrow pit. The $150,000 portion of the appraised value, therefore, is contingent upon the Debtors' ability to continue the burrow pit operation. There is some question as to whether or not the Debtors will be able to continue the burrow pit operate because their excavation permit has expired and they have been unable to obtain the required consent of the Langeliers as mortgagees to renew the permit. In any event, the evidence presented at the final evidentiary hearing indicates that the operation will continue despite the lack of permit. Even subtracting $150,000 from the value,

however, the Debtors have substantial equity in the subject property.

■ It is also clear that the subject property is needed for an effective reorganization. The excavation operation provides most of the Debtors' income. The Debtors' proposed plan of reorganization contemplates continuation of the burrow pit operation and the sale of parcels of the remaining land. The Plan and Disclosure Statement have been filed, however, the plan has not yet been confirmed, and the disclosure statement has not yet been approved.

Inasmuch as the Debtors have equity in the subject property and the property is needed to effectively reorganize, the Debtors are entitled to the continued protection of the automatic stay.

■ The Court must next consider whether or not the Debtors should be permitted to sell two parcels of land free and clear of the Langeliers' lien pursuant to 11 U.S.C. § 363(f). The Debtors have two contracts for sale. The first contract is for the sale of twenty acres of land with improvements consisting of two mobile homes, a cottage, and metal out-buildings. The terms of the first contract include a $200,-000 purchase price with $15,000 cash downpayment, 10% interest per annum on the balance and monthly payments of $2,000 for five years with a balloon payment due at the end of the five year period. The second contract is for the sale of 40 unimproved acres of land for $270,000 with $54,000 cash downpayment, the balance to be paid in ten semi-annual installments. The Debtors contend that the Langeliers' interest in the property will not be impaired, because the Debtors are willing to assign the proceeds of the proposed sales to the Langeliers and because the Langeliers will continue to be protected by their lien on the remaining 62 acres.

A sale free and clear of liens pursuant to subsection (f) of § 363 is subject to providing the lienor with adequate protection. Notes of Committee on the Judiciary, Senate Report No. 95–989, U.S.Code Cong. & Admin.News 1978, 5787. "Protection" in

the form of assigning the proceeds of sale is only as good as the financial reliability of the prospective buyers, and no evidence was presented to establish the ability of the prospective buyers' to meet their contractual obligations. The Debtors have, therefore, failed to establish that the Langeliers would be protected by an assignment of the proceeds of sale.

The Debtors next contend that the Langeliers would be protected by the value of the remaining 62 acres of land. Assuming, without admitting, that the value of the remaining 62 acres is $413,000 as the Debtors contend, that value is approximately $160,000 less than the amount due and owing on the mortgage. The value of the remaining property, therefore, is insufficient to adequately protect the Langeliers' interest in the event that the prospective buyers failed to make their contractual payments. There is also some evidence that the $413,000 valuation is incorrect in that it was arrived at by merely subtracting the contract for sale figures from the total appraisal. The remaining 62 acres, consisting of a 20 acre and a 42 acre parcel, are not presently as valuable as the tracts for which contracts for sale are pending. The remaining 20 acre tract consists mostly of a cypress head swamp which would become landlocked if the proposed sales are approved. The 42 acre tract includes the burrow pit and its value, therefore, is directly related to the contingent nature of the ongoing excavation and the possibility that the existing pit may some day be transformed into a lake.

In light of the foregoing, this Court is of the opinion that the Langeliers would not be adequately protected if the Debtors were permitted to sell two tracts of the encumbered property free and clear of the Langeliers lien.

Separate orders will be entered in accordance with the foregoing.